**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 23 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES A. TROBAUGH,

   Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

   Defendant - Appellee.

No. 01-3253

(D.C. No. 00-CV-3149-GTV)

(D. Kansas)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

  After examining the briefs and appellate record, this panel has agreed to honor the appellant's request for a decision without oral argument. <u>See</u> Fed. R. App. P. 34(f).

  Charles A. Trobaugh, a federal prisoner proceeding pro se, filed suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, 1346, against the United States for physical injuries and emotional distress allegedly arising out of the Federal Bureau of Prisons' mistaken placement of him at the United States

---

  * This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Penitentiary in Leavenworth, Kansas for five months between May and October of 1996. The district court dismissed Mr. Trobaugh's claim on statute of limitations grounds. Mr. Trobaugh now appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. BACKGROUND

On April 11, 1996, Mr. Trobaugh was sentenced to a 130 months' incarceration for distribution of cocaine base, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). His sentence was thereafter reduced to 106 months pursuant to Fed. R. Crim. P. 35(b). Mr. Trobaugh was initially sent to Leavenworth with a security designation of "high/in" based on a security total of nineteen points. See Rec. doc. 12, Attach. A (declaration of Federal Bureau of Prisons attorney summarizing Mr. Trobaugh's record). Mr. Trobaugh remained at Leavenworth for five months, until his transfer to a lower-security center in Oxford, Wisconsin on October 4, 1996.

Mr. Trobaugh alleges that his placement at Leavenworth was a mistake and that he suffered emotional distress and elevated liver enzyme levels as a result of the misplacement. According to Mr. Trobaugh, the Bureau of Prisons ("BOP") knew of the incorrect placement yet failed to inform him of the mistake until late

1999 or early 2000.  He asserts that this failure on the part of the BOP prevented him from requesting administrative or legal relief until that point.

Based on this theory, Mr. Trobaugh filed suit pursuant to       the FTCA, on April 28, 2000  , alleging the infliction of mental and emotional distress under Kansas law.  The United States filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the court lacked subject matter jurisdiction because the statute of limitations had expired.  The district court granted the motion, and Mr. Trobaugh now appeals.

## II.  DISCUSSION

On appeal, Mr. Troughbaugh advances two arguments.  First, he contends that the district court erred in refusing to consider the United States' motion to dismiss under Fed. R. Civ. P. 12(b)(1) as a motion for summary judgment under Fed. R. Civ. P. 56.  Second, Mr. Trobaugh argues that the district court erred in applying the FTCA statute of limitations, 28 U.S.C. § 2401(b), by refusing to utilize the doctrines of equitable tolling and continuing tort.  Mr. Trobaugh's arguments challenge the district court's legal conclusions, and we therefore engage in de novo review.   See Stuart v. Colorado Interstate Gas Co.    , 271 F.3d 1221, 1225 (10th Cir. 2001).

## A. Construction of Rule 12(b)(1) Motion

In <u>Holt v. United States</u>, 46 F.3d 1000, 1003 (10th Cir. 1995), this circuit held that a court is required to treat a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) as a motion for summary judgment under Fed. R. Civ. P. 56 "when resolution of the jurisdictional question is intertwined with the merits of the case." Applying that standard, the First Circuit has recently held that the FTCA statute of limitations set forth in 28 U.S.C. § 2401(b) does <u>not</u> create a jurisdictional question intertwined with the merits of the case; as a result, a court is not required to convert a motion to dismiss for lack of subject matter jurisdiction on statute of limitations grounds into a motion for summary judgment. <u>See</u> <u>Gonzalez v. United States</u>, 284 F.3d 281, 287 (1st Cir. 2002) (stating, as a general rule, that "[a] Rule 12(b)(1) motion is transformed into a Rule 56 motion where jurisdictional issues cannot be separated from the merits of the case").

We find the reasoning of <u>Gonzalez</u> convincing under the current facts:

> While the FTCA . . . provides the basis for the cause of action here [in addition to the statute of limitations], it is clear that the facts relevant to the determination of subject matter jurisdiction do not go directly to the merits of the plaintiff's claim. That is, the determination of whether the claim is time-barred bears no relationship to whether the plaintiff can make out a showing of negligence on the merits of the case.

Id. Utilizing the same reasoning, we conclude that the district court properly treated the United States' motion as a motion to dismiss under Rule 12(b)(1). [1]

## B. Equitable Tolling and Continuing Tort

Mr. Trobaugh further contends that the district court misapplied the statute of limitations by refusing to utilize either the doctrine of equitable tolling or the continuing tort theory. Here, too, we agree with the district court's analysis.

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). The application of § 2401(b) requires a two-step analysis. First, we must determine when the claim accrues. Then, we must determine whether the statute of limitations should be tolled. See Zeidler v. United States , 601 F.2d 527, 528-31 (10th Cir. 1979).

As to the first inquiry, a claim accrues as soon as the plaintiff has had a reasonable opportunity to discover all the essential elements of the cause of action, including, in the present situation, knowledge of the alleged miscalculation and knowledge of the injury. See id. at 530; see also United States v. Kubrick , 444 U.S. 111, 118-125 (1979) (concluding that a claim accrued when

---

[1] We take no position on whether the FTCA statute of limitations might be intertwined with the merits of the case in another context.

-5-

the plaintiff "was aware of his injury and its probable cause" and rejecting the argument did not accrue until the plaintiff could have reasonably discovered that the injury was negligently inflicted). Here, "[Mr. Trobaugh's] pleadings are replete with statements affirming [his] injury, his knowledge of the existence of the alleged injury[,] and the alleged cause of it; all occurring well before [late 1997]." Rec. doc. 16, at 7 (Mem. in Support of Defendant's Motion to Dismiss, filed Sept. 11, 2000). Moreover, Mr. Trobaugh has invoked his elevated liver enzyme levels as proof of the physical injury necessary to assert a tort claim under Kansas law, and he had knowledge of these elevated enzyme levels by February 20, 1997. See Rec. doc. 2, at ex. L (Individual Test Report, "reported 2/20/97"). The record thus indicates that Mr. Trobaugh knew in 1996 and early 1997 of both the alleged injuries and their alleged cause ( i.e., his placement at Leavenworth). See Rec. doc. 16, at 7-10.

We therefore conclude that Mr. Trobaugh knew of all the elements of his claim by February 20, 1997. Mr. Trobaugh's tort claim thus accrued on this date. Moreover, as the district court observed, "[t]he record clearly documents that [Mr. Trobaugh's] administrative claim for damages under [the] FTCA was received on November 10, 1999." Rec. doc. 25, at 2 (District Court Order, filed July 19, 2001). Accordingly, Mr. Trobaugh's tort claim is barred by the statute of limitations unless equitable tolling or the continuing tort theory apply.

Mr. Trobaugh asserts that the doctrine of equitable tolling applies to his case. However, equitable tolling is not applicable where the plaintiff knows of the elements of his cause of action. See Baker v. Board of Regents of Kansas, 991 F.2d 628, 633 (10th Cir. 1993) ("[To toll] the statute of limitations, . . . [something must actually] prevent[] discovery of the cause of action.") (internal quotation marks omitted). Thus, the doctrine of equitable tolling is inapplicable here.

Mr. Trobaugh also argues that the incorrect scoring of his security designation should have tolled the two-year statute of limitations under the continuing wrong doctrine articulated in Tiberi v. Cigna Corp., 89 F.3d 1423, 1430-31 (10th Cir. 1996). Tiberi is inapposite, however, as that case concerned a situation in which a party's affirmative concealment of information prevented the plaintiff from pursing a claim. Because Mr. Trobaugh knew of the miscalculation before February 1997, the BOP's failure to directly acknowledge the miscalculation did not prevent Mr. Trobaugh from pursuing administrative or other legal remedies. For this reason, the continuing wrong doctrine does not apply.

## III. CONCLUSION

For the aforementioned reasons, we AFFIRM the district court's dismissal of Mr. Trobaugh's claim based on a lack of subject matter jurisdiction.

Entered for the Court,


Robert H. Henry
Circuit Judge